IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC EBERWEIN | : | CIVIL ACTION |
| | : | NO. 12-0612 |
| vs. | : | |
| | : | |
| PRECISION TUBE COMPANY, | : | |
| A DIVISION OF MUELLER | : | |
| STREAMLINE CO. | : | |

O'NEILL, J.                                                                                           April 16, 2013

MEMORANDUM

I have before me defendant's motion for summary judgment, plaintiff's response and defendant's reply. For the reasons that follow I will grant the motion.

The facts, as stated by plaintiff Eric Eberwein, are that on Sunday, October 9, 2011, he, then 43 years old, was walking through the woods adjacent to his apartment complex located at 426 Horsecurve Drive in Lansdale, Pennsylvania. After unsuccessfully attempting to take a photograph of a deer, he stepped into a partially uncovered concrete drainage pit that was camouflaged by twigs and leaves. The pit was approximately three feet deep. The wooded area where plaintiff's accident occurred is located on defendant's property. There was no fence or physical barrier separating the parking lot of plaintiff's apartment complex from the adjacent wooded area on plaintiff's property. Prior to plaintiff's accident, defendant was aware that two concrete drainage pits existed in the wooded area in which plaintiff's accident occurred and that people would walk in and children would play in defendant's woods. The drainage pits were part of defendant's lagoon system, which was no longer in use. The covers of the two drainage pits were not permanently attached or fastened to the pits. Defendant did not do anything to

maintain the wooded area and there were no "no trespassing" signs located near either of the drainage pits.

Plaintiff has brought this action as a result of the injuries sustained in his fall into the drainage pit.

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is only "material" if its dispute might affect the outcome of the action, and a dispute is only "genuine" if a reasonable jury could return a verdict for the non-moving party. Id. at 248.

Once the moving party meets its initial burden of showing that no genuine issue of material fact exists, the burden shifts to the non-movant to set forth specific facts to show a genuine issue for trial. Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). A party opposing summary judgment may not rely on mere allegations, general denials or vague statements, but must offer specific evidence found in the record that contradicts the evidence presented by the movant and that creates a genuine issue. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991).

Under Pennsylvania law a trespasser is one who enters upon land in the possession of another without the possessor's consent. Rossino v. Kovacs, 718 A.2d 755, 756-57 (Pa. 1998). The general rule is that no duty exists to a trespasser except to refrain from willfully or wantonly injuring the trespasser. Id. at 756. When a person enters another's land without permission

2

"[t]he determining fact is the presence or absence of a privilege to enter or remain on the land, and the status of an accidental trespasser is still that of a trespasser." Oswald v. Hausman, 548 A.2d 594, 599 (Pa. Super. Ct. 1988). See also Paget v. Girard Trust Co., 44 Pa. Super. 596 (Pa. Super. Ct. 1910) (defining trespasser as one who enters the property of another without invitation even though he is there by mistake). Thus, where one enters another's property unknowingly or by mistake but without the permission of the landowner he is a trespasser under Pennsylvania law.

Plaintiff does not contend that defendant engaged in willful misconduct. However, plaintiff does contend that a genuine issue of material fact exists as to whether defendant engaged in wanton misconduct. A finding of wanton misconduct requires that a defendant engage in conduct that is of such an unreasonable character, in disregard of an obvious risk, as to make it highly probable that harm will follow, usually accompanied by a conscious indifference to the consequences. Evans v. Phila. Transp. Co., 212 A.2d 440, 443 (Pa. 1965).

In support of his contention that defendant engaged in wanton misconduct, plaintiff relies mainly upon the case of Antonace v. Ferri Contracting Co., Inc., 467 A.2d 833, 837 (Pa. Super. Ct. 1983), finding that the jury could find wanton misconduct where defendant erected an unmarked and poorly visible steel cable across a road that defendant knew dirt bike riders used frequently. In my view the facts in the Antonace case are decisively different from the facts in the present case. In Antonace the Court held

> that a jury could conclude that appellant knew that dirt bike riders such as the decedent were using the property, and that in view of this knowledge, erection or maintenance of a steel cable, in a position of limited visibility, without markings or warning signs, constituted, "an act of unreasonable character, in disregard of a risk known to him or so obvious that he must have been aware of it, and so great as to make it highly probable that harm would follow."

3

Prosser, Torts § 33 at 151 (2d ed. 1955). In the present case the evidence is that defendant did not maintain the wooded area, which it knew was used by trespassers, and did not erect any no trespassing signs. This evidence constitutes at most evidence of negligence. As the <u>Antonace</u> case itself held "there is a discernible difference between negligence and wanton misconduct: Pennsylvania courts have held in the past that there is a difference not only in degree, but also in kind, between wanton misconduct and simple negligence-however gross." 467 A.2d at 528. I cannot characterize the acts and omissions attributable to defendant as acts of unreasonable character in disregard of an obvious risk as to make it highly probable that harm will follow, accompanied by a conscious indifference to the consequences.

As a secondary matter, plaintiff asserts that there is a genuine issue of material fact as to whether plaintiff was a licensee and not a trespasser at the time of the accident:

> "the facts of record in the instant action give rise to a credible argument that the defendant tacitly permitted the neighboring residents to use the wooded area located upon defendant's property by failing to take any meaningful action to prevent individuals from entering the woods despite the fact that the Defendant knew people had done so. Quite simply, defendant did not erect a physical barrier or post signs to prevent individuals from entering the woods in the area adjacent to the parking lot of plaintiff's apartment complex, monitor the woods or communicate to the neighboring residents that they were not permitted to enter the woods."

Pl's Resp. at 15-16.

The holding of the Court of Appeals in the <u>Estate of Zimmerman v. SEPTA</u>, 168 F. 3d 680, 686 (3d Cir. 1999), disposes of plaintiff's contention:

> The plaintiffs cite no authority standing for the proposition that consent to use property can be implied by a failure to take sufficient precautions to prevent people from entering the land. The plaintiffs' theory seeks to turn every foreseeable trespasser into a licensee. However, the law recognizes that a foreseeable trespasser is still a trespasser. <u>See</u> <u>Oswald v. Hausman</u>, 378

> Pa. Super. 245, 548 A.2d 594, 598-99 (1988) (distinguishing
> foreseeable trespassers from licensees). Mere acquiescence to
> trespassing does not alter an entrant's status.

Plaintiff cites two cases in support of his position, <u>Graham v. Sky Haven Coal, Inc.</u>, 563 A.2d 891 (Pa. Super. Ct. 1989) and <u>Wiegand v. Mars Nat'l Bank</u>, 454 A.2d 99 (Pa. Super. Ct. 1982). Both cases are factually distinguished from the present situation. In <u>Graham</u>, 563 A.2d at 897, a jury verdict for defendant was affirmed by the Supreme Court of Pennsylvania. Plaintiffs had submitted evidence that the property in question was not posted and that it was the custom in Clearfield County (where the property was located) that one could use unposted private property for recreational purposes such as hunting and operating dune buggies. <u>Id</u>. at 896. In <u>Wiegand</u>, 454 A.2d at 103, the Superior Court of Pennsylvania affirmed the trial court's denial of plaintiff's motion to remove a compulsory non-suit. In that case plaintiff sustained an injury while playing football on an empty lot across the street from a bank. <u>Id</u>. at 100. The lot was owned by the bank and the evidence showed that for some years the lot had been given over by the bank to the local residents as a meeting place for community affairs and recreational activities. <u>Id</u>. The kind of evidence that was present in <u>Graham</u> and <u>Wiegand</u> is not present in the present case. Moreover, and more importantly, those cases predated the Court of Appeals decision in <u>Zimmerman</u> and the ruling in <u>Zimmerman</u> is binding upon me.

An appropriate Order follows.